# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | | |
|---|---|---|
| YAHNE S. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:10-cv-02257-JAR-JPO |
| | ) | |
| SODEXO, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINTLY PROPOSED PROTECTIVE ORDER

Plaintiff Yahne Brown ("Plaintiff") brings this action claiming that Defendants SDH Services West, LLC ("SDH") and Hospital Linen Services, Inc. ("HLS") violated Title VII by allegedly discriminating against Plaintiff on the basis of her sex and race and by allegedly retaliating against her for complaining of the alleged discrimination. Plaintiff also asserts a racial discrimination claim against SDH and HLS under 42 U.S.C. § 1981 and a disability discrimination claim under the ADA as amended. Plaintiff further contends that SDH and HLS were negligent in hiring and retaining Defendant James Abraham. Finally, Plaintiff alleges a battery claim solely against Defendant Abraham. Defendants deny any wrongful conduct. During the course of this litigation, the parties are likely to exchange information in response to Fed. R. Civ. P. 26 which is confidential and/or proprietary in nature, and have requested, and are expected to request, proprietary and confidential documents and information during discovery specifically consisting of:

- SDH's and HLS's personnel records, including the personnel files of SDH's and HLS' employees who are not, and are not expected to be, parties to this action;

- SDH's and HLS' personnel and operational policies, proprietary documents, operating agreements, or documents or information pertaining to customers, costs, or charges; and

- Personal, medical, and financial information regarding Plaintiff.

Accordingly, and for good cause shown, the Court hereby enters the following Protective Order, the terms and conditions of which shall govern documents and information deemed confidential by the parties and specifically identified below.

1. Any information (whether in the form of documents, interrogatory responses, deposition testimony, or other form) produced or exchanged by any of the parties to this action, or any of their attorneys, which a party believes in good faith is of a confidential nature, specifically: (a) confidential personal and/or personnel information (including, but not limited to, information relating to compensation, tax records, benefits, performance, personnel decisions, and medical records); and (b) confidential business or strategic information; including any copy thereof (hereinafter referred to collectively as "the Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating any information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

2. All Confidential Information produced by or obtained from any other party in the course of this action, through discovery or otherwise, shall be used by the party to whom such information is produced solely for the purpose of this litigation and for no other purpose and shall not otherwise be disclosed to anyone.

3. A party may designate written material as Confidential Information by marking each page of such material that contains Confidential Information with the legend "Confidential", or the party may designate material as confidential and subject to the protective order by stating in response to a discovery request that the document is confidential and subject to the Protective Order. Wherever it appears that Confidential Information will be revealed in a deposition taken after the

date of this Order, a party may provisionally designate the material on the record at the time of its disclosure as "Confidential." Upon such designation, the portion of the deposition containing Confidential Information shall be subject to the terms of this Order.

4. Confidential Information shall be produced only to counsel of record in this action and to the individually named parties to this action, all of whom have agreed to be bound and are bound by the terms of this Order.

5. Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party designating the information as confidential, except that the parties or their counsel may, without further agreement or Court order and except as provided in the preceding paragraph, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

    (a) Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

    (b) Experts or consultants retained by the parties in this action;

    (c) Any person who is an officer, director, or employee of any reproduction or litigation document handling service whom counsel specifically authorizes to work on this case;

    (d) Any person from whom testimony is being taken, has been taken or is reasonably expected to be taken in this action (whether in deposition or at trial), at a reasonable time before such testimony or during such testimony;

    (e) The Court and Court staff before which this action is pending; and

    (f) Any court reporters and video graphers present in their official capacity at any hearing, deposition or other proceeding in this action.

6. Each person referred to in subparagraph 5(b) who has been shown or given access to Confidential Information, or information derived therefrom, shall sign an undertaking stating that

he or she has read a copy of this Order and agrees to be bound by its provisions, which undertaking shall be retained by counsel for the receiving party who provides such material or information to such person. A copy of the undertaking will be delivered to the opposing counsel or party, upon request, after the parties have designated experts, except that in the case of an expert who has not been designated or has been consulted solely in an advisory capacity, the undertaking may be submitted to the Court for in camera review.

7. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents and information may be used, consistently with the terms of this Order, and without limitation, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

8. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Information.

9. Producing or receiving materials or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information or a trade secret under applicable law; or (b) prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or (c) prejudice in any way the rights of a party to seek a Court determination regarding whether particular discovery materials should be produced; or (d) prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of information as that party may consider appropriate.

10. The confidentiality provisions of this Order shall survive any settlement, judgment

or other disposition or conclusion of this action, and all appeals therefrom. After final resolution of this action, including all appeals, within 30 days following a written request, all Confidential Information and reproductions thereof shall be: either (a) returned to counsel for the party who provided the Confidential Information; or (b) destroyed, and counsel for the party receiving the Confidential Information shall sign and provide to Counsel for the party producing the Confidential Information a certification attesting to such destruction.

11. Any party may at any time and for any reason seek modification of this Protective Order. In the event any party disputes the appropriateness of the other's designation of documents as confidential pursuant to this order then the party shall first attempt to resolve the issue with opposing counsel and then, if unsuccessful, may apply to this Court for an order declaring specific documents to be removed from the protective order and no longer treated as confidential. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

IT IS SO ORDERED.

Dated this 17th day of August, 2010.

                                                                              s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

Respectfully submitted,

/s/ *J. Randall Coffey*
J. Randall Coffey        D. Kan. No. 70141
Christopher R. Howard     KS No. 21952
FISHER & PHILLIPS LLP
104 West Ninth Street, Suite 400
Kansas City, Missouri 64105
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: rcoffey@laborlawyers.com
Email: crhoward@laborlawyers.com

ATTORNEYS FOR DEFENDANT
HOSPITAL LINEN SERVICES, INC.

/s/ *AdoLisa J. Anarado*
AdoLisa J. Anarado        KS #78166
Anarado Law Firm, LLC
2300 Main Street, Suite 900
Kansas City, Missouri 64108
TEL: (816) 434-8300
Email: adolisa@anaradolaw.com

ATTORNEY FOR PLAINTIFF

/s/ *Jill A. Morris*
Jill A. Morris                #18426
Ogletree, Deakins, Nash, Smoak
    & Stewart, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
TEL: (816) 471-1301
FAX: (816) 471-1303
Email: jill.morris@ogletreedeakins.com

ATTORNEY FOR DEFENDANT SDH

/s/ *Karen J. Halbrook*
Karen J. Halbrook         Kan. #14299
Mark R. Euler             Kan. #23322
THE HALBROOK LAW FIRM, PC
3500 West 75th Street, Suite 300
Prairie Village, KS 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
Email: khalbrook@halbrooklaw.com
Email: meuhler@halbrooklaw.com
ATTORNEYS FOR DEFENDANT
ABRAHAM